United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATONYA R. FINLEY,<br><br>    Plaintiff,<br><br>    v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>    Defendant. | Case No. 15-cv-03321-DMR<br><br>**ORDER REASSIGNING CASE TO DISTRICT JUDGE; REPORT AND RECOMMENDATION TO GRANT IFP APPLICATION AND DISMISS CASE FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Re: Docket No. 2 |

Plaintiff filed a Complaint [Docket No. 1] and Application to Proceed *In Forma Pauperis* ("IFP Application") [Docket No. 2] on July 17, 2015. Because Plaintiff did not consent to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c), the court issues this Report and Recommendation and reassigns this case to a District Judge for final disposition. The court recommends that the District Judge grant the IFP application, and dismiss the case for lack of subject matter jurisdiction.

## I.  IFP APPLICATION

Having evaluated Plaintiff's financial affidavit, the court finds that Plaintiff has satisfied the economic eligibility requirement of 28 U.S.C. § 1915(a) and recommends that the IFP Application be granted.

## II.  REVIEW OF COMPLAINT

Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted). "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

A federal court properly may exercise federal question jurisdiction, which is governed by 28 U.S.C. § 1331. Section 1331 provides, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quotations omitted). In the Complaint, Plaintiff alleges that she held a car insurance policy issued by Defendant Allstate, and that Defendant refused to inspect damage to Plaintiff's car and make certain payments as required by the insurance policy. Compl. at ¶¶ 7, 9. Plaintiff brings only state law causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, and negligence. Thus, the Complaint raises no federal questions and subject matter jurisdiction cannot be based on 28 U.S.C. § 1331.

The Complaint alleges that the court has subject matter jurisdiction based on the diversity of the parties pursuant to 28 U.S.C. § 1332. Compl. at ¶ 6. A district court has diversity jurisdiction where the parties are diverse and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332. Here, Plaintiff has failed to allege the bases for diversity jurisdiction since the Complaint alleges that both Plaintiff and Defendant reside in California, and makes no allegations regarding the amount in controversy.

Pro se pleadings are liberally construed and held to a less stringent standard than those drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Accordingly, "a district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quotations omitted). The court therefore recommends that the District Judge dismiss the complaint with leave to amend the deficiencies discussed herein.

### III.   CONCLUSION

For the reasons above, the court recommends that Plaintiff's IFP application be granted and that the Complaint be dismissed for lack of subject matter jurisdiction, with leave to amend. The Clerk is directed to reassign this case to a District Judge.

Any party may file objections to this report and recommendation with the district judge within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); N.D. Cal. Civ. L.R. 72-2.

**IT IS SO ORDERED.**

Dated: August 10, 2015

_____
DONNA M. RYU
United States Magistrate Judge